OPINION *Page 2 
{¶ 1} Appellant was convicted and sentenced for three counts of forgery, violations of R.C. 2913.31(A)(3), fifth degree felonies. It is from this conviction and sentence that appellant now seeks to appeal.
 STATEMENT OF FACTS AND LAW {¶ 2} On February 27, 2007, appellant was indicted by the Stark County grand jury on three counts of forgery, violations of R.C. 2913.31(A)(3), fifth degree felonies.
 {¶ 3} On April 30, 2007, the matter proceeded to trial before a jury. During the trial the state presented the testimony of the following witnesses: Bryce Loeffler, Jane Loeffler, Khader Rawahneh, Norma Cooper and Michelle Lynch.
 {¶ 4} The testimony established that Bryce and Jane Loeffler own and operate a home building company being Loeffler Construction Company. The Company has no employees but rather subcontracts work out for masonry, framing, wiring, plumbing and heating. Bryce Loeffler oversees site operations and Jane Loeffler does the bookkeeping for the company.
 {¶ 5} In October of 2006, business was slow and the Loefflers decided to move their office into their home. During the move, a box of 200 company checks was accidentally discarded in a dumpster at a job site. In November of 2006, Jane Loeffler discovered that checks were being negotiated which had not been drafted by the company. It was at this time, that the Loefflers became aware that check numbers 1100 through 1300 were missing. As a result they cancelled the bank account and burned the remaining checks. *Page 3 
 {¶ 6} Jane Loeffler testified that, as bookkeeper, she is responsible for issuing checks to subcontractors. Bryce testified that checks are only written to the subcontractors and given to the job foreperson. Bryce testified that checks were not written to individual laborers. Both testified that the checks are typed out on the computer stating the payees name and address and then are signed by Bryce Loeffler. Both testified that they have never seen, do not know, and have never written a check to appellant. Finally, they both examined the checks and testified that the payee appeared to be typewritten and that the signature was forged. Specifically, Bryce Loeffler testified that he was sure it wasn't his signature because his name was spelled wrong in the signature as B-R-I-C-E rather than the correct spelling, "Bryce." T.123.
 {¶ 7} Khader Rawahneh is a cashier at M K Market in Massillon, Ohio. He testified that on December 7, 2006, the appellant came to the store and asked him to cash a check from Loeffler Construction Company. He stated, "Terry came in to cash a check. When I see the check, I tell him this check is counterfeit or fake, something wrong with check". He stated that he told the appellant he was going to call the police and the appellant "just took off". T.99. The following day, Rawahneh and his boss contacted the Massillon Police Department and gave them the check.
 {¶ 8} During his testimony, Rawahneh identified the appellant at trial as being the person who attempted to cash the check. He further stated that he was familiar with the appellant because he had been in the store before both as a customer, and also because he had cashed other checks.
 {¶ 9} Norma Cooper is an office employee at Hometown Market in Canton, Ohio. She testified that on December 8, 2006, she cashed a check from Loeffler *Page 4 
Construction Company made out to the appellant. On direct, the State asked her if the appellant looked familiar, she replied, "Yeah, I would say. He has cashed a couple checks." T.109.
 {¶ 10} Michelle Lynch is a bartender at Miller's Tavern in Massillon, Ohio. She testified that on December 11, 2006, she cashed a check from Loeffler Construction Company made out to the appellant. She stated that she cashed the check because "he looked familiar to me * * * and the check looked good." She further stated that she was familiar with the appellant because he had been a customer at the bar. During her testimony she identified the appellant as being the person who presented, endorsed and cashed the check.
 {¶ 11} No evidence was presented on behalf of the defense.
 {¶ 12} On April 30, 2007, after the presentation of evidence, the jury found appellant guilty as charged. Sentencing was deferred pending a pre-sentence investigation. On June 5, 2007, appellant was sentenced to serve twelve months on each of the forgery counts. The trial court further ordered the sentences to run concurrently for an aggregate twelve month sentence. It is from this conviction and sentence that the appellant seeks to appeal setting forth the following assignment of error.
 {¶ 13} "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 14} In the assignment of error appellant argues that the conviction is against the manifest weight and sufficiency of the evidence. We disagree. *Page 5 
 {¶ 15} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. However, the appellate court must bear in mind, the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387, 678 N.E.2d 541.
 {¶ 16} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus ofState v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Page 6 
 {¶ 17} In this case, appellant was convicted of three counts of forgery in violation of 2913.31(A)(3) which states in pertinent part as follows:
 {¶ 18} "(A) No person with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
 {¶ 19} "(3) Utter or possess to utter, any writing that the person knows to have been forged."[1]
 {¶ 20} Appellant contends that the verdict was against the manifest weight of the evidence on the grounds that the State failed to prove that appellant did not have the authority to utter the checks, and also that appellant acted with a purpose to defraud.
 {¶ 21} Defraud means to "knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B).
 {¶ 22} Purpose requires an intention to cause a certain result or to engage in conduct that will cause that result. R.C. 2901.22(A).
 {¶ 23} Purpose or intent can be established by circumstantial evidence, direct evidence and/or the surrounding facts and circumstances in the case. State v. Seiber (1990), 56 Ohio St.3d 4, 13-14,564 N.E.2d 408. See also, State v. Smith, Delaware App. No. 07CAA010007,2007-Ohio-4749.
 {¶ 24} If the State relies upon circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." State v. Daniels, 9th Dist. No. 18761, (decided June 3, 1998), unreported, quoting State v. Jenks (1991), *Page 7 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. See also, State v. Smith, Delaware App. No. 07CAA01007, 2007-Ohio-4749. "Circumstantial evidence and direct evidence inherently possess the same probative value." State v. Smith, 9th Dist. No. 99CA007399, (decided Nov. 8, 2000), unreported, quoting Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Moreover, a series of facts and circumstances can be employed by a jury as the basis for the ultimate conclusion in a case.State v. Lott (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, citingHurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, 331,130 N.E.2d 820.
 {¶ 25} In this case, three witnesses testified that on three separate occasions the appellant presented business checks from Loeffler Construction Company to be cashed. The Loefflers testified that they only draft checks to the subcontractors and not to individual laborers. They further testified that they were not familiar with the appellant, appellant was not an employee of the company, and that they had never drafted a check to the appellant. Finally, after examining the checks, the Loefflers testified that, although the checks belonged to the business, they were not drafted in accordance with the standard procedure of the business, they appeared to have the payee's name typewritten rather than computer generated and they contained a signature of Bryce Leoffler which was not authentic and had been spelled incorrectly. Mr. Rawahneh from M K Market testified that when he questioned the authenticity of the check and threatened to call the police, the appellant fled.
 {¶ 26} Upon review we find that the surrounding circumstances as set forth in the record sufficiently established that the appellant was not authorized to utter the three *Page 8 
checks and that the appellant was aware or should have been aware that he was facilitating a fraud for his own benefit and to the detriment of another.
 {¶ 27} Accordingly, we find that the jury's verdict was not against the manifest weight or sufficiency of the evidence. For these reasons we hereby overrule appellant's assignment of error.
 {¶ 28} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] (C)(1)(a) Whoever violates division (A) of this section is guilty of forgery. (b) Except as otherwise provided in this division or division (C)(1)(c) of this section, forgery is a felony of the fifth degree. *Page 1